John N. Constas, Appellee, v. Peter Gregoris, Appellant.

Gen. No. 20,297.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the March term, 1914. Affirmed. Opinion filed April 26, 1915.

### Statement of the Case.

Action by John N. Constas against Peter Gregoris involving the dissolution of a partnership and an accounting. From a decree finding that a note signed by the complainant and payable to the defendant had been fully paid prior to the recovery of a judgment thereon, and enjoining the collection of such judgment, defendant appeals.

JAMES D. POWER, for appellant.

GROVER C. NIEMEYER, for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

### Abstract of the Decision.

1. PARTNERSHIP, § 371*—*when equity has jurisdiction over dissolution and accounting.* A dispute between partners concerning the dissolution of partnership and an accounting forms the proper basis for the exercise of equity jurisdiction.

2. EQUITY, § 23*—*when jurisdiction retained.* Where a court of equity acquires jurisdiction for one purpose it will retain it for all purposes necessary to complete justice, although such retention requires that some matters be passed upon which would not otherwise be cognizable in that court.

3. EQUITY, § 23*—*when legal questions determined.* Where a court of equity acquires jurisdiction for the purpose of correcting

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

a mistake in the terms of a promissory note, it may retain juris-
diction for the purpose of ascertaining the amount due and en-
forcing its payment, although such ascertainment and enforcement
of themselves involve purely legal questions.

4. CANCELLATION OF INSTRUMENTS, § 37*—*when note ordered sur-
rendered for cancellation.* Where a court of equity acquires juris-
diction over a proceeding for the dissolution of partnership and
an accounting, and finds that a judgment note signed by
one of the parties and payable to the other, was agreed
to be paid out of the complainant's share of the profits
of the business and had been in fact paid or satisfied in an account-
ing before judgment had been entered upon it at the suit of the
defendant, it is within the jurisdiction of the court to enjoin the
defendant perpetually from collecting or attempting to collect the
same or the judgment entered upon it and to order the defendant
to deliver it up to the court for cancellation.

5. EQUITY, § 25*—*when jurisdiction not lost by agreement of
parties pendente lite.* Where a court of equity acquires jurisdiction
over a proceeding involving the dissolution of partnership and
an accounting, the jurisdiction of the court to enjoin the collection
of the judgment entered upon a note which the court found had been
fully paid was not affected by an agreement between the parties,
entered into after the coming in of the master's report, to dissolve
the partnership and settle all other matters in dispute between
them except the note in question and the judgment thereon.